UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.M.,<br>Petitioner,<br>v.<br>ERNESTO SANTACRUZ JR. ET AL.,<br>Respondent. | Case No. 2:26-cv-03986-JAK-MAR<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, the Report and Recommendation of the United States Magistrate Judge, and the objections filed. The Court accepts the findings and recommendation of the Magistrate Judge with certain modifications.

The Petition "challenges a single government action: Respondents' imposition and continued maintenance of 24/7 GPS electronic ankle monitoring on Petitioner." Dkt. 1 ¶ 11. According to the Petition, this monitor was imposed on December 9, 2025, without explanation or any opportunity for Petitioner to be heard. *Id.* ¶ 3.

The Petition requests the following relief: (1) "a writ of habeas corpus ordering Respondents to remove the 24/7 GPS electronic monitor from Petitioner

immediately," (2) in the alternative, an order directing "Respondents to conduct and complete, within a date certain set by this Court, an individualized written review of Petitioner's supervision conditions that (a) identifies in writing the specific, individualized basis—if any—for maintaining the ankle monitor, (b) considers Petitioner's compliance history, medical condition, community ties, and the documented harms caused by the monitor, and (c) provides Petitioner with a written, reasoned decision," (3) a declaration that "Respondents' imposition and continuation of the ankle monitor without individualized process violates the Due Process Clause of the Fifth Amendment," (4) a declaration that Respondents have violated their own procedures under the Accardi doctrine and (5) "such further relief as the Court deems just and proper." Dkt. 1 at 13–14. Accordingly, the Report and Recommendation issued by the Magistrate Judge considered and addressed the imposition of the ankle monitor. Dkt. 13.

After the Report and Recommendation issued, Petitioner filed a Notice of Recent Developments, stating that on July 24, 2026, an officer with Immigration and Customs Enforcement ("ICE") removed Petitioner's ankle monitor. Dkt. 14 ¶ 5. The Notice also states that the ICE officer informed Petitioner that the ankle monitor could be reimposed at any time. *Id.* The Notice further states that the frequency of home visits and office visits had been increased. *Id.* ¶ 7.

Petitioner filed an Objection to the Report and Recommendation. Dkt. 15. It includes a request that the Report and Recommendation be modified to include an order that Respondents remove all "conditions of supervision imposed on December 9, 2025" and that Respondents only reimpose such conditions after (1) providing written notice and a chance for Petitioner to respond and (2) conducting a complete and individualized written review of Petitioner's supervision conditions. Dkt. 15 at 1–2.

Because the Petition was directed at challenging the imposition of the ankle monitor and the requested relief was directed at its removal, Petitioner's Objection

is overruled. The Report and Recommendation addressed the issues presented in the Petition and is accepted, with certain modifications. This determination is without prejudice to Petitioner filing a new Petition that addresses the totality of the imposed conditions of supervision and describes any increased restrictions or limitations imposed after the removal of the GPS ankle monitor.

**IT IS THEREFORE ORDERED** that judgment be entered:

(a) Declaring that Respondents' imposition of the GPS ankle monitor on Petitioner without providing him an opportunity to be heard or an individualized assessment of his circumstances violated Petitioner's rights under the Due Process Clause of the Fifth Amendment; and

(b) Respondents shall not reimpose the GPS ankle monitor on Petitioner without (1) providing written notice and a chance for Petitioner to respond and object; and (2) conducting a complete and individualized written review of Petitioner's supervision conditions that takes into account all relevant factors and that Respondents contend warrants the reimposition of the ankle monitor.

Dated: October 15, 2026

JOHN A. KRONSTADT
United States District Judge